UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTWAN JOVAN JACKSON,
FDOC Inmate #D15678,
    Plaintiff,

v.                                 Case No. 3:24cv375/LC/ZCB

UNKNOWN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Antwan Jovan Jackson is an inmate of the Florida Department of Corrections. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Docs. 1, 8). After reviewing Plaintiff's complaint (Doc. 1), the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because of Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625

1

(11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1]  Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history.  *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 8-12).  Question C of Section VIII asked Plaintiff:

---

[1] A raft of Eleventh Circuit cases say the same thing.  *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

"Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?" (*Id.* at 10). Plaintiff attached a "supplement" disclosing six cases. (Doc. 1-1 at 12-13). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." (Doc. 1 at 12-13).

Plaintiff, therefore, certified that at the time he filed this case on August 5, 2024, he had not filed any other lawsuit in federal court challenging his conviction or relating to the conditions of his confinement.[2] The Court has screened Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation

---

[2] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

3

history on the complaint form. According to Public Access to Court Electronic Records (PACER), before Plaintiff filed the complaint in this case, he filed five actions with the Eleventh Circuit that challenged his conviction or related to the conditions of his confinement:

- *Jackson v. Secretary, Department of Corrections, et al.*, Case No. 19-10240 (11th Cir.) (filed January 22, 2019) (appealing habeas denial in *Jackson v. Secretary, Department of Corrections*, Case No. 6:18cv1331 (M.D. Fla.)).

- *In re Antawn Jackson*, Case No. 16-11738 (11th Cir.) (filed November 26, 2024) (appealing habeas denial in *Jackson v. Secretary, Department of Corrections*, Case No. 6:14cv544 (M.D. Fla.)).

- *Jackson v. Secretary, Department of Corrections, et al.*, Case No. 19-10788 (11th Cir.) (filed March 4, 2019) (emergency motion seeking an order authorizing the district court in *Jackson v. Secretary, Department of Corrections*, Case No. 6:14cv544 (M.D. Fla.) to consider a second or successive habeas petition).

- *Jackson v. Secretary, Department of Corrections, et al.*, Case

4

No. 19-11692 (11th Cir.) (filed May 1, 2019) (emergency motion seeking an order authorizing the district court in *Jackson v. Secretary, Department of Corrections*, Case No. 6:14cv544 (M.D. Fla.) to consider a second or successive habeas petition).

- *Jackson v. Lanier, et al.*, Case No. 22-10314 (11th Cir.) (filed January 27, 2022) (appealing district court's order in *Jackson v. Jenkins, et al.*, Case No. 5:19cv114 (N.D. Fla.)).

Each of these Eleventh Circuit cases related to his underlying criminal conviction or conditions of his confinement and should have been disclosed. Plaintiff did not disclose any of these cases despite signing the complaint "under penalty of perjury." (Doc. 1 at 13). "A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismiss of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, No. 5:15cv305/MMP/EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015).

5

How does the Court know that this Antwan Jackson and the Antwan Jackson that commenced the above cases are one and the same? The plaintiff in the above appeals identified himself with FDOC Inmate #D15678 in his initial filings. Plaintiff lists the same inmate number on the complaint form in this case. (Doc. 1 at 1).

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same

6

duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" (Doc. 1 at 8). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[3]

---

[3] Providing Plaintiff an opportunity to amend his complaint to disclose

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 10th day of January 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).